[Civ. No. 2053. First Appellate District.—June 25, 1917.]

## MARGARET JANE BEATTY et al., Respondents, v. ANDREA RIANDA et al., Appellants.

CORPORATION—SPECIAL MEETING OF DIRECTORS—INSUFFICIENT NOTICE—VOID STOCK ASSESSMENT.—Under a by-law of a corporation, providing that special meetings of the board of directors may be called at the option of the president or two directors upon notice in writing being mailed at least three days prior to the day of meeting, or upon two days' personal notice to each director, and that such service of notice shall be entered upon the minutes of the corporation, a special meeting called by four directors is illegal, where no notice, either written or oral, was served by the secretary upon the directors calling the meeting, and an assessment levied at such a meeting is void.

APPEAL from a judgment of the Superior Court of Monterey County. B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Daugherty & Lacey, for Appellants.

Wyckoff & Gardner, for Respondents.

KERRIGAN, J.—The plaintiff Margaret Jane Beatty, joining with her husband, brought suit to have declared null and void the sale by defendant Clark Colony Water Company of stock owned by her in said corporation made by reason of the nonpayment of an assessment levied by the corporation upon the stock. Andrea Rianda, the codefendant, was the purchaser at such sale. Judgment was rendered in favor of plaintiffs annulling said sale and reinstating Margaret Jane Beatty as a stockholder of the corporation, from which the defendants have appealed.

The principal ground of attack upon said delinquent sale is that the special meeting at which the assessment was levied was not regularly called in accordance with the by-laws of the corporation. In that behalf one of said by-laws provides: "Article XIII. . . . Special meetings of the board may be called at the option of the president or two directors, upon notice in writing being mailed at Greenfield at least three days prior to the day of meeting, or upon two days personal notice to each director. Such service of notice shall be entered upon the minutes of the corporation, and the said minutes upon being read and approved at a subsequent meeting of the board shall be conclusive upon the question of service."

The facts as to the call of the special meeting as found by the court are: A regular meeting of the board of directors of the corporation was held on October 8, 1912. After the adjournment of the meeting the four directors present decided to call a special meeting for October 11, 1912. The secretary thereupon sent a written notice to one Whiting, a director of the corporation who was not present at said regular meeting, but served no notice whatever upon any of the other four directors, under the impression, apparently, that as they had ordered the calling of the special meeting it would be superfluous to serve upon them any notice thereof. One of these four who received no notice, Director Franscioni, was not present at the special meeting, nor was Director Whiting. The remaining three directors attended and levied the assessment under attack.

The holding of special meetings of directors or stockholders of corporations is of such importance in the conduct of corporate business that it has been made the subject of express statutory regulation. Section 320 of the Civil Code provides: "When no provision is made in the by-laws for regular meetings of the directors and the mode of calling special meetings, all meetings must be called by special notice in writing, to be given to each director by the secretary, on the order of the president, or if there be none, on the order of two directors."

It will thus be seen that a duty is laid upon a particular officer of the corporation to issue the notices of special meetings of the board of directors, and that, in the absence of a by-law provision to the contrary, such notices must be in writing and must be personally served on each director. The obvious reason for this particularity lies in the fact that each director of a corporation is the personal trustee of those of its stockholders whose cumulative votes have selected him for that office, and as such he is entitled to be present at every special meeting of the board, and to have the precise formula of the statute or by-laws followed in giving him notice thereof. The above-quoted section of the Civil Code is specific in its requirement that, unless otherwise provided in the by-laws, all special meetings shall be called by special notice in writing given to each director by the secretary; and the following section, 320a, emphasizes this particularity by providing that the written consent of the directors shall be entered on the record of the meeting if requirements of the statute or of the by-laws have not been followed in the method of calling or giving notice of it. It is true that section 320 of said code does permit a departure from its precise requirements to be made by a provision in the by-laws defining the mode of calling special meetings; but it is our view that such provisions should be strictly construed with a view to preserving the reasons for exactness in the method of calling special meetings of the directors of corporations. Had there been no provision in the by-laws of this corporation, it could not be concluded that notwithstanding the fact that four directors of the corporation, including the secretary thereof, at the conclusion of a regular meeting had decided upon the calling of a special meeting for a later date, such meeting would have been legal without "a special notice in writing," given by the secretary to each of said directors. Their fullest knowledge of the time and place and fact of such

meeting would not have sufficed to do away with this statutory requirement. The provision in the by-law under review preserves the statutory requirement that the secretary must give notice to each director of the time, place, and fact of all special meetings of the board. The utmost that can be claimed for it is that it dispenses with the requirement that the notice which the secretary is required to give to the directors when given personally shall be in writing; but this does not permit that the knowledge which the said directors have as to the time and place and fact of such meeting derived from their order calling it shall suffice to take the place of the notice, written or oral, which both the statute and the by-law require the secretary to give of such meeting. This is made doubly plain by the fact that the secretary is expressly required by such by-law to make an entry of the fact of such service, whether written or oral, in his minutes. In the case at bar no such entry could have been truthfully made by the secretary, for the simple reason that no such notice as the by-law requires was given by him to the four directors who called the meeting; and even if it be conceded that the by-law dispenses with the statutory requirement that the notice of the special meeting shall, when given personally, be in writing, the fact remains that the secretary did not comply with the by-law in respect to his service of notice of the meeting, and that he could not therefore comply with the by-law in certifying to such service of notice in his minutes of such meeting.

But beyond this it is not to be conceded that the by-law dispenses with the statutory requirement of written notice of all special meetings of the board whether served by mail or served personally upon each director. The by-law does not expressly so declare. Its meaning and intent are uncertain. The use of the word "written" in regard to the notice when served by mail might lead to the inference that the notice when personally served on the directors need not be written; but the requirement that the notice, whether written or oral, must be "served" and so certified by the secretary in his minutes would seem to negative this inference. In view of these uncertainties in construing this particular by-law, we deem it better to give it a construction in harmony with the plain and wise intendment of the statute requiring notices of special meetings of the board of directors to be in writing, and to interpret whatever change this by-law makes in the statutory

requirement to have reference to the method of giving the notice itself. To do otherwise might lead to the introduction of a dangerous laxity in the calling and holding of special meetings of the directors of corporations.

We are of the opinion, therefor, that the conclusion of the trial court that the assessment levied upon the stock of said plaintiff was invalid by reason of the informality in the calling of the special meeting at which the levy was made was correct.

This view renders unnecessary a discussion of the other points urged by respondent.

The judgment is affirmed.

Richards, J., and Beasly, J., *pro tem.*, concurred.